UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Elroy Rogers, | Case No. 17-cv-2530 (WMW/FLN) |
| Plaintiff, | **ORDER ADOPTING AS MODIFIED REPORT AND RECOMMENDATION** |
| v. | |
| United States Department of Agriculture, et al., | |
| Defendants. | |

---

Plaintiff Elroy Rogers initiated this lawsuit against federal, state, and county agencies and individuals[1] over the quarantine, seizure, and subsequent destruction of his sheep. Currently before the Court is the January 26, 2018 Report and Recommendation (R&R) of United States Magistrate Judge Franklin L. Noel, (Dkt. 50), which recommends granting State Defendants' and County Defendants' respective motions to dismiss and dismissing Rogers's complaint. Rogers filed timely objections to the R&R, (Dkt. 51), to which State Defendants timely responded, (Dkt. 54). Because Federal Defendants' motion to dismiss is pending, the Court rejects the R&R's recommendation to dismiss the complaint. The Court adopts the R&R's remaining recommendations.

---

[1]     Federal agencies and individuals named in the lawsuit include the United States Department of Agriculture and its employees (Federal Defendants). State agencies and individuals named in the lawsuit include the Minnesota Board of Animal Health and its employees, state court judges, and an assistant attorney general (State Defendants). County individuals named in the lawsuit include a sheriff, deputies of the sheriff, and a county attorney (County Defendants).

## I.      Jurisdictional Matters

State Defendants present two jurisdictional challenges—that the *Rooker-Feldman* doctrine bars the Court from exercising jurisdiction over Rogers's complaint and that Defendant Board of Animal Health (BAH) is entitled to sovereign immunity.   Because jurisdiction is a threshold requirement in every federal lawsuit, *see Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987), the Court addresses State Defendants' jurisdictional arguments before reaching Rogers's objections to the R&R.

The *Rooker-Feldman* doctrine deprives federal district courts of subject-matter jurisdiction over certain claims related to state court decisions.  *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-84 (1983).   Under this doctrine, a federal district court does not have subject-matter jurisdiction over any claim seeking direct review of a state court judgment, *Skit Int'l, Ltd. v. DAC Techs. of Ark., Inc.*, 487 F.3d 1154, 1157 (8th Cir. 2007), or any claim that is "inextricably intertwined" with a state court decision, *Simes v. Huckabee*, 354 F.3d 823, 827 (8th Cir. 2004) (internal quotation marks omitted).   "A claim is inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995).

Here, Rogers asserts that Defendants engaged in unlawful conduct throughout the civil and criminal proceedings concerning the seizure of Rogers's sheep.  Rogers seeks damages to compensate him for his detention resulting from the criminal proceeding.  In addition, some of Rogers's claims challenge the orders authorizing the quarantine and

seizure of his sheep.  But granting any claim for relief arising from Rogers's detention or the quarantine or seizure of his sheep is "inextricably intertwined" with a state court decision because such a claim "succeeds only to the extent that the state court wrongly decided the issues before it." *See id.*  Therefore, to the extent that any claim arises from allegations that Rogers's sheep were unlawfully quarantined or seized or from allegations that Rogers was unlawfully detained, such claims are barred by the *Rooker-Feldman* doctrine.  *See Simes*, 354 F.3d at 827.

State Defendants also argue that BAH is entitled to sovereign immunity.  U.S. Const. amend. XI; *accord Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). Because sovereign immunity is a threshold jurisdictional matter, *Lors v. Dean*, 746 F.3d 857, 861 (8th Cir. 2014), the Court addresses it before reaching the merits of the complaint.  The Eleventh Amendment entitles states to sovereign immunity, which prevents any federal court from exercising jurisdiction over a lawsuit against a state unless the state consents.  *Seminole Tribe*, 517 U.S. at 54.  This immunity extends to state agencies.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Because Defendant BAH is an agency of the state of Minnesota, *see* Minn. Stat. §§ 35.01 *et seq.*, and Minnesota has not consented to be sued in federal court, BAH is entitled to sovereign immunity.  For this reason, all claims against BAH are dismissed.

In summary, all claims alleging that Rogers was unlawfully detained or alleging that Rogers's sheep were unlawfully quarantined or seized are barred by the *Rooker-Feldman* doctrine.   In addition, all claims against BAH are barred by sovereign

immunity.  All such claims are dismissed, and the R&R is adopted as modified to the extent that it is inconsistent with this conclusion.

## II.    Rogers's Objections to the R&R

Rogers objects to the R&R's recommendation to grant State Defendants' and County Defendants' respective motions to dismiss.  Rogers maintains that his complaint states plausible claims on which relief can be granted.  In addition, Rogers objects to the R&R's recommendation to dismiss his complaint, rather than grant him leave to amend.

A district court reviews de novo those portions of an R&R to which an objection is made.  28 U.S.C. § 636(b)(1)(C).  But when a party fails to file specific objections to an R&R, de novo review is not required.  *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Bui v. U.S. Attorney's Office*, No. 15-2001, 2015 WL 6758142, at *1 (D. Minn. Nov. 5, 2015) ("Objections to an R&R that are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error.").  Under those circumstances, a court reviews for clear error.

Rogers makes no specific objections to the R&R's analysis of his claims, nor does he provide legal support for his claims.  Even when liberally construed, Rogers's objections do not address the R&R's legal analysis.  Rogers merely repeats the arguments that were previously presented to the magistrate judge.  Accordingly, the Court reviews the R&R for clear error.  A ruling is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed."  *Wells Fargo &*

*Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010) (internal quotation

marks omitted).

The R&R recommends granting State Defendants' and County Defendants'

respective motions to dismiss for failure to state a claim because the complaint's

pleadings are insufficient as they fail to identify any legal theory under which relief can

be granted.   A complaint must set forth a short and plain statement showing that the

pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  To survive a motion to dismiss, a

complaint must allege sufficient facts such that, when accepted as true, a facially

plausible claim for relief is stated.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The

factual allegations need not be detailed; but they must be sufficient to "raise a right to

relief above the speculative level" in order to "state a claim to relief that is plausible on

its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  This pleading

standard demands more than unadorned accusations.  *Iqbal*, 556 U.S. at 678.    When

determining whether a complaint states a claim for relief that is plausible on its face, a

district court accepts as true all factual allegations in the complaint and draws all

reasonable inferences in the plaintiff's favor.  *Blankenship v. USA Truck, Inc.*, 601 F.3d

852, 853 (8th Cir. 2010).

Although Rogers's complaint cites a variety of constitutional provisions, Rogers

does not explain which claims are asserted against which defendants or which factual

allegations correspond with which theories of relief.  As the R&R correctly determines,

these defects render Rogers's complaint inadequate to satisfy the requirements of Rule 8.

*See Liggins v. Morris*, 749 F. Supp. 967, 971 (D. Minn. 1990) (observing that a complaint

is inadequate under Rule 8 when it requires "the court to divine what discrete constitutional violations are in fact legitimate and proper . . . as against each defendant"). In short, Rogers provides no cognizable justification for rejecting the R&R's determination that the complaint fails to state a claim on which relief can be granted.

Rogers also objects to the R&R's recommendation to dismiss his complaint, arguing that he should be granted leave to amend prior to dismissal. Federal Defendants' motion to dismiss is pending before the magistrate judge, and the R&R does not address Rogers's claims as they pertain to Federal Defendants. For this reason, dismissal of the complaint is not proper at this time. *Cf. Bullock v. Baptist Mem'l Hosp.*, 817 F.2d 58, 59 (8th Cir. 1987). The Court adopts as modified the R&R to the extent the R&R is inconsistent with this conclusion. In light of this conclusion, the Court need not address Rogers's argument against dismissing the complaint.

### ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1.    Plaintiff Elroy Rogers's objections to the R&R, (Dkt. 51), are **OVERRULED** as addressed herein;

2.    The January 26, 2018 R&R, (Dkt. 50), is **ADOPTED AS MODIFIED** as addressed herein; and

3.      State Defendants' motion to dismiss, (Dkt. 10), and County Defendants'

motion to dismiss, (Dkt. 19), are **GRANTED**.



Dated:  March 9, 2018                                    s/Wilhelmina M. Wright
                                                         Wilhelmina M. Wright
                                                         United States District Judge