UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Elroy Rogers, | Case No. 17-cv-2530 (WMW/TNL) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION FOR ORDER TO SHOW CAUSE** |
| United States Department of Agriculture, et al., | |
| Defendants. | |

Plaintiff Elroy Rogers initiated this lawsuit against federal, state, and county agencies and individuals[1] over the quarantine, seizure, and subsequent destruction of his sheep. All claims against state and county defendants were dismissed on March 9, 2018. Currently before the Court is the April 23, 2018 Report and Recommendation (R&R) of United States Magistrate Judge Franklin L. Noel, (Dkt. 68), which recommends granting the remaining Defendants' motion to dismiss the remaining claims. Rogers filed timely objections to the R&R. (Dkt. 69.) Also before the Court is Rogers's motion for an order requiring Defendants to show cause why his complaint should be dismissed. (Dkt. 78.) For the reasons addressed below, the Court adopts the R&R, grants Defendants' motion to dismiss, denies as moot Rogers's motion for an order to show cause, and dismisses Rogers's complaint.

---

[1] Federal agencies and individuals named in the lawsuit include the United States Department of Agriculture and its employees.

## ANALYSIS

### I. The R&R and Rogers's Objections

After a party to a legal action files and serves specific written objections to a magistrate judge's proposed findings and recommendations, the district court reviews de novo those portions of the R&R to which an objection is made. 28 U.S.C. § 636(b)(1)(C). When doing so, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *accord* Fed. R. Civ. P. 72(b)(3).

#### A. The R&R

The April 23 R&R first addresses Defendants' arguments for dismissal on jurisdictional grounds and determines that any claims that are barred by the *Rooker-Feldman* doctrine must be dismissed for lack of subject-matter jurisdiction. The R&R then determines that the remaining individually named defendants are entitled to qualified immunity. Finally, the R&R recommends granting Defendants' motion to dismiss for failure to state a claim because it is unclear from Rogers's complaint which claims Rogers asserts against which defendants and which facts support those claims. Each recommendation is addressed in turn.

##### 1. Jurisdictional Matters

The *Rooker-Feldman* doctrine deprives federal district courts of subject-matter jurisdiction over certain claims related to state-court decisions. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-84 (1983). Under this doctrine, a federal district court does not have subject-matter jurisdiction over

any claim seeking direct review of a state-court judgment, *Skit Int'l, Ltd. v. DAC Techs. of Ark., Inc.*, 487 F.3d 1154, 1157 (8th Cir. 2007), or any claim that is "inextricably intertwined" with a state-court decision, *Simes v. Huckabee*, 354 F.3d 823, 827 (8th Cir. 2004) (internal quotation marks omitted). "A claim is inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995).

The R&R recommends dismissing those claims that are barred by the *Rooker-Feldman* doctrine. Rogers objects to the R&R's analysis, arguing that the *Rooker-Feldman* doctrine does not apply to any of his claims because a final judgment was not entered against him in any state-court proceeding. Determining whether the *Rooker-Feldman* doctrine bars a suit or claim "requires determining exactly what the state court held." *Id.* Here, it is unclear from the record what occurred in the state-court proceedings against Rogers. However, the R&R merely determines that "to the extent [Rogers] is seeking to appeal" any unfavorable state-court decisions, the *Rooker-Feldman* doctrine requires dismissal of the claims. Because this conclusion is consistent with controlling law, the Court overrules this objection.

The sovereign immunity of Defendant United States Department of Agriculture (USDA) is another jurisdictional basis for dismissing Rogers's claims. Because jurisdiction is a threshold requirement in every federal lawsuit, *see Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987), the Court addresses this ground for dismissal before reaching Rogers's other objections to the R&R.

The federal government is entitled to sovereign immunity, *see U.S. Dep't of Energy v. Ohio*, 503 U.S. 607, 615 (1992), and that immunity extends to federal agencies such as the USDA, *see In re Operation of Mo. River Sys. Litig.*, 418 F.3d 915, 917 (8th Cir. 2005). An express congressional waiver is required to subject federal agencies to suit. *In re Operation of Mo. River Sys. Litig.*, 418 F.3d at 917. The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671 *et seq.*, waives the sovereign immunity of the federal government and its agencies, exposing them to liability for certain torts "in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. § 2674; *accord Compart's Boar Store, Inc. v. United States*, 829 F.3d 600, 604 (8th Cir. 2016).

Rogers's complaint does not clearly delineate which claims he asserts against the USDA, which prevents the Court from determining whether the United States has waived its immunity as to those claims. Nonetheless, Rogers is procedurally barred from asserting any FTCA claims. The FTCA requires a party to present its claims to the federal agency it intends to sue and to wait for a written denial before that party asserts an FTCA claim in federal court. 28 U.S.C. § 2675(a). The USDA contends that Rogers has not presented any tort claims to the USDA, and Rogers does not dispute the USDA's assertion. Because Rogers failed to file an administrative claim with the USDA prior to initiating this lawsuit, the USDA's sovereign immunity is not waived; and any claims asserted against the USDA are barred by sovereign immunity. *See Smith v. United States*, 588 F.2d 1209, 1211 (8th Cir. 1978). As the Court cannot exercise jurisdiction over claims against a party entitled to sovereign immunity, all such claims are dismissed.

## 2. Qualified Immunity

Rogers objects to the R&R's determination that the individually named defendants are entitled to qualified immunity. Rogers also argues that he should be granted leave to amend his complaint before the complaint is dismissed.

The R&R determines that the individually named defendants are protected by the doctrine of qualified immunity because Rogers provides no factual support for the contention that any defendant violated established statutory or constitutional law. Rogers objects, arguing that Defendants have not established that they are entitled to qualified immunity. Here, however, there is no need to reach the qualified immunity analysis because Rogers fails to state any claim on which relief can be granted.

## 3. Failure to State a Claim

A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, Rogers's complaint must allege sufficient facts that, when accepted as true, state a facially plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations need not be detailed; but they must be sufficient to "raise a right to relief above the speculative level" in order to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). This pleading standard demands more than unadorned accusations. *Iqbal*, 556 U.S. at 678. When determining whether a complaint states a claim for relief that is plausible on its face, a district court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010).

Although Rogers's complaint cites several constitutional provisions, the complaint does not explain which claims are asserted against which defendants or which factual allegations correspond with which theories of relief. As the R&R correctly determines, these defects render Rogers's complaint inadequate to satisfy the requirements of Rule 8. *See Liggins v. Morris*, 749 F. Supp. 967, 971 (D. Minn. 1990) (observing that a complaint is inadequate under Rule 8 when it requires "the court to divine what discrete constitutional violations are in fact legitimate and proper . . . as against each defendant"). Because it is unclear which claims are asserted against which individually named defendants, dismissal is warranted on this basis and the Court need not reach the question of whether any individually named defendants are entitled to qualified immunity.

### B. Rogers's Other Objections

Rogers also argues that he should be granted leave to amend prior to dismissal. The R&R recommends granting Defendants' motion to dismiss but does not address whether the Court should grant Rogers leave to amend. Well before the R&R issued, the magistrate judge's November 2, 2017 order observed that the complaint was difficult to decipher, referred Rogers to the Federal Bar Association's *Pro Se* Project for assistance, and declined to take under advisement the pending motions to dismiss until Rogers had the opportunity to consult with counsel. Despite this clear indication that the complaint was insufficient, Rogers did not move to amend his complaint during the ensuing seven months, nor is there any such request currently pending before the Court. Rogers provides no legal argument that supports a conclusion that amendment of the complaint, rather than dismissal, is proper

in light of Rogers's failure to take action at any earlier point in this litigation. Rogers's objection is overruled.

### II. Motion for an Order to Show Cause

Rogers moves for an order requiring Defendants to show cause why his complaint should be dismissed. This motion restates arguments that have been addressed in the R&R and in Part I.B. and Part I.C. of this Order. For this reason, Rogers's motion for an order to show cause is denied.

### ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Elroy Rogers's objections to the R&R, (Dkt. 69), are **OVERRULED** as addressed herein.

2. The April 23, 2018 R&R, (Dkt. 68), is **ADOPTED**.

3. Defendants' Motion to Dismiss, (Dkt. 32), is **GRANTED**.

4. Rogers's Motion for Order to Show Cause, (Dkt. 78), is **DENIED**.

5. Rogers's complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 25, 2018                  s/Wilhelmina M. Wright
                                                                          Wilhelmina M. Wright
                                                                          United States District Judge